IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANDY DEWAYNE POSEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0162 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S
MOTION TO DISMISS and TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

Petitioner ANDY DEWAYNE POSEY has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state court conviction and sentence. It is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Consequently, respondent's motion to dismiss should be GRANTED, and the habeas corpus application filed by petitioner should be DISMISSED.

I.
PROCEDURAL HISTORY

On September 14, 2006, petitioner was indicted in Potter County, Texas for the offense of possession, with intent to deliver, a controlled substance, namely methamphetamine, in an amount of 4 grams or more, but less than 200 grams by aggregate weight, in a drug-free zone. *State v.*

*Posey*, No. 53,792-E.  On February 14, 2008, a jury found petitioner guilty of the lesser-included offense of possession of a controlled substance in a drug-free zone and assessed petitioner's punishment at forty (40) years imprisonment.

Petitioner, represented by counsel, filed a direct appeal challenging his conviction and sentence.  On May 5, 2010, the Court of Appeals for the Seventh District of Texas affirmed petitioner's conviction in an unpublished opinion.  *Posey v. State*, No. 07-08-0093-CR.  Petitioner did not seek further direct review of his conviction and sentence by filing a petition for discretionary review.

On April 20, 2011, petitioner filed a state application for a writ of habeas corpus challenging his conviction and sentence, such application being file-marked April 28, 2011.[1]  On June 22, 2011, the Texas Court of Criminal Appeals dismissed this application as noncompliant under Rule 73.1 of the Texas Rules of Appellate Procedure.  *In re Posey*, App. No. 72,848-03.

On September 21, 2011, petitioner requested the Texas Court of Criminal Appeals provide him a copy of the habeas petition filed in order to re-file it properly.  Petitioner was advised that same day of the appropriate procedure for obtaining copies.

On December 28, 2011, petitioner filed a second state application for habeas relief, such application being file-marked January 3, 2012.[2]  On March 7, 2012, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order.  *In re Posey*, App. No.

---

[1] *See Richards v. Thaler*, 2013 WL 809246 (5th Cir. March 5, 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 344 (Tex.Crim.App. 2010)).  The state habeas application does not include a verification indicating when petitioner placed his application in the prison mail, however, until provided evidence to the contrary by either party, this Court will use the date indicated on the Inmate Declaration.

[2] Again, the state habeas application does not include a verification indicating when petitioner placed his application in the prison mail.  The Inmate Declaration reflects the date of October 30, 2011, however, the record contains a copy of what appears to be the transmittal envelope reflecting a postmark date of December 28, 2011.  This date appears more likely to be the date petitioner placed his application in the prison mail system.  This date will be used as the filing date until provided evidence to the contrary by either party.

72,848-04.

On July 31, 2012, petitioner *via* a third party, filed a federal habeas application challenging his state conviction and sentence. On November 7, 2012, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. While petitioner filed a response to respondent's motion on December 7, 2012, such response was unfiled due to petitioner's failure to sign the document. Petitioner did not re-submit the document.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In the instant case, petitioner's conviction was affirmed on direct appeal on May 5, 2010. Petitioner did not file a petition for discretionary review, consequently, his conviction became final on June 4, 2010, when the 30-day time period allowed by the Texas courts for filing a petition for discretionary review expired. *See Mark v. Thaler*, 646 F.3d 191 (5th Cir. 2011). Therefore, any federal habeas application challenging petitioner's conviction was due, absent any tolling, on or before June 6, 2011.$^{3}$

While the time during which a properly filed application for State post-conviction is pending will toll the limitations period, none of petitioner's state habeas applications operated to toll the limitations period. Petitioner's first application, filed April 20, 2011, was dismissed as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure, indicating the Texas Court of Criminal Appeals did not review the application. As petitioner's application was not "properly filed," the pendency of that application did not toll the limitations period under the AEDPA. Petitioner's second application, filed December 28, 2011, was filed over six (6) months after the

---

$^{3}$The time period expired on a Saturday, consequently, the deadline was extended to the first Monday following the expiration of the time period. *See* Fed. R. Civ. Proc. 6(a).

expiration of the limitations period.  Consequently, the statutory tolling provisions for state habeas actions are not applicable.  Petitioner's federal habeas application, filed July 31, 2012, is time barred.

Petitioner appears to argue this Court should equitably toll the limitations period until he was transferred to a TDCJ Unit with a library (until July 27, 2010), for 60 days in 2010-2011 when he was in transit for medical treatment, and for an undetermined length of time in 2011 when petitioner's family experienced the death of petitioner's brother and medical complications of petitioner's father.  AEDPA's statute of limitations is subject to equitable tolling.  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  However, a petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (holding that AEDPA is subject to equitable tolling "in rare and exceptional circumstances").  Petitioner bears the burden of proving that he is entitled to equitable tolling.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002).  Assuming *arguendo*, without deciding, that the approximately 1 ½ months until petitioner was received at a TDCJ unit and the 60 days for medical transit were tolled, petitioner would still be time barred.  Petitioner, however, is not entitled even to that amount of equitable tolling because he failed to pursue his rights diligently.  Equitable tolling "is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)(quotation marks and citation omitted). Petitioners need not pursue their rights with "maximum feasible diligence," but petitioner failed to exercise even "reasonable diligence." *Holland*, 130 S.Ct. at 2565.  Petitioner's habeas application is time barred.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent RICK THALER be GRANTED, and that the petition for a writ of habeas corpus filed by petitioner ANDY DeWAYNE POSEY be dismissed as time barred.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of June 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this

report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).